**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

BRIAN J. WEBB
ADC #141031                                                                                           PLAINTIFF

V.                                          5:09CV00331 JLH/JTR

RANDALL E. MANUS,
Deputy Warden, Maximum Security Unit;
Arkansas Department of Correction, et al.                                     DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States Chief District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

    1.      Why the record made before the Magistrate Judge is inadequate.

    2.      Why the evidence to be proffered at the requested hearing before the

>United States District Judge was not offered at the hearing before the Magistrate Judge.

> 3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## I. Introduction

In this *pro se* § 1983 action, Plaintiff, Brian J. Webb, alleges that Defendants have violated his First Amendment right to access the courts. *See* docket entries #1, #4, and #16. Pursuant to the screening function mandated by 28 U.S.C. § 1915A, the Court recommends that the case be dismissed, without prejudice, because Plaintiff has failed to state a claim upon which relief may be granted.[1]

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

The Court is mindful that when making this determination, the court must "accept as true all factual allegations in the complaint, [while] giving no effect to conclusory allegations of law." *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007). Importantly, the complaint must "assert facts that affirmatively and plausibly suggest," "above the speculative level," that the plaintiff is entitled to relief and mere conclusions or a "formulaic recitation of the elements of a cause of action will not do." *Stalley*, 509 F.3d at 521; *see also Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (abrogating the "no set of facts" standard set forth in *Conely v. Gibson*, 355

## II. Discussion

**A.     March 30, 2009 Seizure of Legal Materials from Another Inmate's Cell**

In his Complaint, Amended Complaint, and Second Amended Complaint, Plaintiff alleges that, on March 30, 2009, Defendants violated his First Amendment right to access the courts by seizing his *In Forma Pauperis* Application, Petition for a Writ of Habeas Corpus, and a Freedom of Information Act Request from another inmate's cell. *See* docket entries #1, #4, and #16.

In order to proceed with such a claim, a prisoner must alleged that he was "actually injured" in regard to a "nonfrivolous and arguably meritorious underlying legal claim." *White v. Kautzky*, 494 F.3d 677, 680 (8th Cir. 2007) (citing *Christopher v. Harbury*, 536 U.S. 403, 413 (2002)). In this respect, "actual injury" means "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis v. Casey*, 518 U.S. 343, 355 (1996); *see also Klinger v. Dept. of Corr.*, 107 F.3d 609, 617 (8th Cir. 1997).

Although he has been given the opportunity to do so, Plaintiff has not explained how the alleged March 30, 2009 seizure of his legal materials from another inmate's cell caused him to miss a deadline, prevented him from preparing and filing his own pleadings, or otherwise prevented him from receiving habeas review on his own behalf. *See* docket entries #13 and #16. Thus, he has failed to allege an actual injury.

Additionally, Plaintiff has not specified the nature of his habeas claims or explained how such claims are nonfrivolous or arguably meritorious. Thus, he has failed to state a viable access to the courts claim in regard to the March 30, 2009 seizure of his legal materials from another

---

U.S. 41, 45-46 (1957)). Nevertheless, in *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), the Supreme Court emphasized that a *pro se* prisoner's § 1983 complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."

inmate's cell.

**B.      January 26, 2010 Seizure of Legal Materials from Plaintiff's Cell**

Plaintiff also alleges that on January 26, 2010, which was 91 days *after* he commenced this action on October 27, 2009, Defendants seized all of his legal materials from his cell, making it difficult for him to proceed with this action and two other lawsuits he has pending in the Eastern District of Arkansas.[2] *See* docket entries #15 and #16.  However, Plaintiff has failed to explain how this allegedly wrongful seizure of his legal material caused him an actual injury *in this case*.

Additionally, it is well settled that a prisoner must exhaust administrative remedies in regard to *all* claims raised in a lawsuit *prior* to filing the complaint in federal court. *See* 42 U.S.C. § 1997e(a); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000).  Thus, Plaintiff cannot add this new claim to this action.[3]

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Pursuant to the screening function mandated by 28 U.S.C. § 1915A, this § action be DISMISSED, WITHOUT PREJUDICE, for failing to state a claim on which relief may be granted.

---

[2] *See Webb v. White*, 5:09CV00215 JLH/HDY and *Webb v. Clark*, 5:09CV00332 JMM/HDY.

[3] Plaintiff may be able to *prevent* an actual injury, caused by the alleged January 26, 2010 seizure of his legal materials, by filing an appropriate motion in any of his currently pending cases. For instance, in *Webb v. White*, 5:09CV00215 JLH/HDY, the Court gave Plaintiff additional time to file Objections to a Recommended Disposition in response to his allegations that his legal documents were improperly seized from his cell on January 26, 2010.
However, if it is too late to prevent an actual injury, Plaintiff should fully exhaust his administrative remedies within the prison system, and then file a *new* § 1983 Complaint that clearly explains: (1) how he was actually injured by the allegedly improper seizure of his legal materials on January 26, 2010; and (2) the nature of the nonfrivolous or arguably meritorious claim he would have pursued if his documents had not been seized.

2.	Dismissal of this action CONSTITUTE a "strike," as defined by 28 U.S.C. § 1915(g).

3.	The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order and Judgment adopting this Recommended Disposition would not be taken in good faith.

Dated this 1st day of April, 2010.

*/s/ J. Thomas Ray*
_____
UNITED STATES MAGISTRATE JUDGE